UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERNEST LEE ROY MOORER,

        Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 17-cv-0443-PP

---

**ORDER GRANTING PLAINTIFF'S
REQUEST TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2) AND DENYING
WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (DKT. NO. 3).**

---

The plaintiff has filed a complaint asking that the court review the Commissioner's denial of his Social Security Disability Insurance claims. Dkt. No. 1. To pursue his claim, he also filed a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 3.

**A. MOTION TO PROCEED *IN FORMA PAUPERIS***

In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

Based on the facts presented in the affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee. The plaintiff and his

wife earn $5,487 per month in income. Dkt. No. 2 at 2. They support one minor child and one 22-year-old child. Id. at 1. The plaintiff's monthly expenses exceed $5,000, including $1,065 for rent, $931 for car payments, $400 for food and $491 in car insurance. Id. at 2-3. He does not have any money in a checking or savings account, but does own a 401K account containing $500. Id. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In his complaint, the plaintiff asserts that he is a 56-year-old veteran diagnosed with Axis 1: paranoid schizophrenia, 100% disabling—contrary to the Commissioner's findings. Dkt. No. 1 at 5. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as

defined by 28 U.S.C. §1915(e)(2)(B)(i). Accordingly, the court will grant the motion to proceed *in forma pauperis*. The court will now address the plaintiff's motion to appoint counsel. Dkt. No. 3.

**B. MOTION TO APPOINT COUNSEL**

Civil litigants do not have a constitutional or statutory right to appointed counsel, but the court has the discretion to request lawyers to represent indigent litigants in appropriate cases under 28 U.S.C. §1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007) (*en banc*); Lutrrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). The court cannot appoint a lawyer for every person who asks, because the court's resources are limited. As a threshold matter, a litigant must make a reasonable attempt to obtain a lawyer on her own. Pruitt, 503 F.3d at 654-55; Zarnes, 64 F.3d at 288.

In the motion, the plaintiff lists the names of four attorneys he contacted and their reason for denial. Dkt. No. 3 at 2-3. The Seventh Circuit has not clearly defined the phrase "reasonable attempt to obtain counsel," but it has affirmed one court's requirement that the litigant provide the names and addresses of at least three attorneys that the litigant contacted and who turned him down. Romanelli v. Suilene, 615 F.3d 847, 852 (7th Cir. 2010). The petitioner has met this first Pruitt requirement.

After a litigant has tried to find a lawyer and has been unsuccessful, or shows that he was effectively prevented from trying to find a lawyer, the court

3

must decide the next question: is the case so complicated, both factually and legally, that the litigant does not appear able to handle the case himself? Pruitt, 503 F.3d at 654 (citing Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993)). In reality, proceeding without representation in federal court is a difficult battle. The court understands that many people would have trouble presenting legal theories without counsel. But the Pruitt test requires the court to determine (1) whether the plaintiff's particular claims are more complex than similar complaints, and (2) whether this plaintiff's competency level seems below that of other plaintiffs who litigate such claims *pro se*. See Jackson v. Kotter, 541 F.3d 688, 700 (7th Cir. 2008) (As part of its exercise in discretion, the district court was required to consider both "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself") (citing Pruitt, 503 F.3d at 655).

At this stage of litigation, the court does not find that this case is so factually or legally complicated that the plaintiff could not handle it himself. The plaintiff has filed sixteen other federal cases and appears to be familiar with court procedures, or, at the very least, has the ability to access helpful resources. Dkt. No. 3 at 2 (referring to the court's Pro Se Guide). Furthermore, the plaintiff submitted the notice of appeals council action, Dkt. No. 1-1 at 2, but did not submit the ALJ's decision. Thus, the court has limited information and cannot conclude that the plaintiff's case is more complicated than the typical social security case. The court may reconsider this order if further

briefing necessitates it. At this point, however, the court must deny the motion with prejudice.

The court **GRANTS** the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 2). The court **DENIES WITHOUT PREJUDICE** the motion to appoint counsel (Dkt. No. 3).

**ORDERED** in Milwaukee, Wisconsin this 17th day of April, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge